**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CRISTIAN CASTILLO,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | |
| : **3:CV-05-434** | |
| **US XPRESS, INC.,** : | |
| **US XPRESS ENTERPRISES, INC.** : | |
| : | |
| **and** : | |
| : | |
| **DANNY K. RICHISON,** : **(Chief Judge Vanaskie)** | |
| : | |
| **Defendants** : | |

**ORDER**

**June 17, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 7, 2003, Plaintiff Cristian Castillo was involved in a vehicle collision when a tractor trailer allegedly owned by Defendant US Xpress, Inc. and purportedly driven by Defendant Danny Richison collided with a 1988 Oldsmobile. Plaintiff was a passenger in the Oldsmobile at the time of the accident. On February 28, 2005, Plaintiff Castillo filed a complaint against Defendants US Xpress, Inc., US Xpress Enterprises, Inc., and Danny K. Richison. (Dkt. Entry 1). Since filing the complaint, Mr. Castillo has been unable to effect service of process on

Mr. Richison. On May 31, 2005, Mr. Castillo filed a motion for service by publication with an attached affidavit. See Pl.'s Mot. for Publ., Affidavit, Dkt. Entry 8.

As set forth in Plaintiff's affidavit, the investigation performed to locate Mr. Richison was as follows: (1) a certified letter to Mr. Richison's last known address, returned undeliverable; (2) a search of phone directories in Muncie, Indiana; (3) a voter registration search in the state of Indiana; (4) a search for pilot licenses, aircraft or undocumented vehicles; and (5) the retention of a private investigator.[1] All of these measures were unavailing, leaving the plaintiff unable to locate Mr. Richison. The affidavit stated that the plaintiff knew of no other address where the defendant could be served. The affidavit also asserted that service at Mr. Richison's last known address would be "fruitless" because it was a truck driving school. Lastly, the plaintiff averred that not only was Defendant Richison either deceased or unable to be found, but the identity of his heirs, executors, administrators or assigns was unknown as well.[2]

Federal law dictates that service is to be effected on individuals according to state law where the district court is located, as provided by Federal Rule of Civil Procedure 4(e)(1):

> service upon an individual . . . may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located . . . for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State . . . .

---

[1] It is unclear what steps were taken by the private investigator.

[2] See Pl.'s Mot. for Publ., Affidavit, Dkt. Entry 8.

FED. R. CIV. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 400, et seq. details the manner in which process is to be effected in Pennsylvania. When personal service is not possible, Pennsylvania Rule of Civil Procedure 430 sets forth the necessary criteria for a plaintiff to seek service of process by publication. If the plaintiff cannot serve process on the defendant, the plaintiff must file a motion for publication with an attached affidavit. PA. R. CIV. P. 430(a). The affidavit must describe the efforts of the plaintiff to locate the defendant and list why service could not be made. Id. If the court grants the motion, the publication shall be made once in a legal publication and once in a generally circulated county newspaper.[3] PA. R. CIV. P. 430(b)(1). Service by publication may also be generally made upon a party-in-interest's heirs and assigns if it is asserted in the complaint or affidavit that their identity is unknown. PA. R. CIV. P. 430(b)(2).

The plaintiff must make a good faith effort to determine the location of the defendant before a court will grant service by publication. Kittanning Coal Co., Inc. v. Int'l Mining Co., Inc., 551 F. Supp. 834, 836 (W.D. Pa. 1982). The good faith efforts must be described in the

---

[3]In his proposed order Plaintiff signals his intention to publish notice of this lawsuit in the Luzerne Legal Register and a generally circulated Luzerne County newspaper. See Pl.'s Mot. for Publ., Proposed Order, Dkt. Entry 8. Defendants notified the plaintiff that they were going to object to Plaintiff's motion for service by publication because it did not comport with Pennsylvania law. Plaintiff agreed to amend the motion by having Defendant Richison served by publication at his last known address in Muncie, Indiana, instead of in Luzerne County. See Letter from Rawle & Henderson, LLP to Mr. Timothy Korey, Technical Claims Specialist, Liberty Group of June 6, 2005.

plaintiff's affidavit.  PA. R. CIV. P. 430(a).  Some examples of good faith are: "(1) inquiries of postal authorities . . . , (2) inquiries of relatives, neighbors, friends and employees of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records and motor vehicle records."  PA. R. CIV. P. 430(a) advisory committee's note.  The efforts that constitute good faith measures are determined on a case-by case basis.  <u>Otterson v. Jones</u>, 690 A.2d 1166, 1168 (Pa. Super. 1997).  The advisory committee note to Pennsylvania Rule of Civil Procedure 430 is not an exhaustive list of the measures used to attempt service on a defendant, but the rule does require more than a "mere paper search."  <u>Grove v Guilfoyle</u>, 222 F.R.D. 255, 256 (E.D. Pa. 2004).

In <u>Grove</u>, the plaintiff unsuccessfully attempted to locate the defendant through: (1) certified and regular mail at the address the defendant provided at the time of the action; (2) contacting the co-defendant's counsel; and (3) contacting the United States Postal Service for defendant's new address.  <u>Id</u>. at 256.  The <u>Grove</u> court stated that although the plaintiff made some unsuccessful attempts to locate the defendant, the plaintiff did not take adequate measures to determine the defendant's location because "Plaintiff's Petition does not describe any efforts to serve Defendant Guilfoyle personally or in any manner permitted under Massachusetts law."  <u>Id</u>.  The plaintiff also could have proven a good faith effort had he examined public documents, contacted the defendant's friends and neighbors, and checked the local telephone directories.  <u>Id</u>. at 257.  The <u>Grove</u> court would not issue service by publication

because, in the context of the case, the plaintiff did not make a good faith effort to effectuate service.  Id.

In Deer Park Lumber Inc., v. Major, 559 A.2d 941 (Pa. Super. 1989), the court held that the plaintiff did not use good faith to locate and serve notice on the decedent's heirs regarding an action to quiet title.  Id. at 946.  The plaintiff had searched Wyoming County public records to locate the decedent's heirs and in the process found the decedent's deed listing an address in Luzerne County.  Id. at 945.  Although the plaintiff found the deed, the plaintiff did not search for heirs in Luzerne County.  Id.  A subsequent search for heirs by a third party interested in obtaining the property located the decedent's heirs within approximately one hour, illustrating the plaintiff's lack of good faith effort.  Id. at 946.

In the present case, it cannot be concluded that Plaintiff exercised due diligence in locating Mr. Richison.  He did not contact the United States Post Office regarding the defendant, and there is no indication as to what the private investigator did to try to locate Mr. Richison.  Plaintiff's affidavit did not assert that he contacted the truck driving school to determine if Mr. Richison had a forwarding address or to locate Mr. Richison's friends who may have known his location.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Service by Publication (Dkt. Entry 8) is **DENIED,** without prejudice.

2.  Plaintiff may move again for leave to serve by publication after detailing the additional steps taken in good faith to attempt to locate and effect service upon Defendant Richison.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania